IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JESSICA L. HYLTON                                             PLAINTIFF

v.                          4:09CV00924-JMM-JTK

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                      DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Jessica L. Hylton, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), based on disability.[1] Both parties have

---

[1]"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable

filed appeal briefs, and the case is now ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

Plaintiff alleged disability due to diabetes and back problems. (Tr. 81, 89, 110) The Commissioner found that Plaintiff was not disabled within the meaning of the Social Security Act (Act). The only issue before the Court is whether the Commissioner's decision that Plaintiff is not disabled within the meaning of the Act is supported by substantial evidence.

Plaintiff filed an application for benefits on April 11, 2007, alleging a disability onset date of October 1, 2006. (Tr. 35, 90)

---

by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Disability Determination Services (DDS) denied the claims initially and upon reconsideration. (Tr. 28-31) Plaintiff timely requested a hearing before an Administrative Law Judge (ALJ). (Tr. 56-7) On November 18, 2008, Plaintiff appeared at the hearing with her attorney. (Tr. 7) A vocational expert (VE) was also present. Following the hearing, the ALJ issued an unfavorable decision on April 29, 2009. (Tr. 32-42) Plaintiff appealed the unfavorable hearing decision to the Appeals Council, and on October 23, 2009, the Appeals Council denied the request for review (Tr. 1-3), making the June 2009 hearing decision the final decision of the Commissioner. Having exhausted her administrative remedies, Plaintiff timely filed this civil action. (DE #2, Complaint)

After consideration of the record as a whole, the Court finds that the Commissioner's decision is supported by substantial evidence.

### Procedural History and ALJ Findings

Plaintiff was born on April 17, 1978. (Tr. 10, 81, 117, 142, 153) She took special education classes and completed the twelfth grade. (Tr. 115) She has past relevant work as a cosmetologist. (Tr. 12, 131)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.[2] He found

---

[2] The five steps of the sequential process are as follows:(1) whether the claimant is involved in substantial gainful activity; (2) whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement; if so (3) whether the severe impairment(s) meets or equals a listed impairment; if not, (4) whether the claimant has sufficient residual functional capacity (RFC) to perform past relevant work; if not, (5) whether the claimant

Plaintiff met the insured status requirements of the Social Security Act through December 31, 2010, and that she had not engaged in substantial gainful activity since October 1, 2006, her alleged onset date. (Tr. 37) The ALJ determined Plaintiff had the severe impairments of diabetes mellitus, hypertension, and disorder of the back but that neither condition, individually or in combination, met a listing. (Tr. 37-8) In determining Plaintiff's RFC, the ALJ found she could perform light work as defined in 20 C.F.R. §§ 404.1567(b)and 416.967(b),[3] except that she could only occasionally operate foot controls; occasionally climb, balance, crouch, stoop, kneel, and crawl; occasionally tolerate hazards, including unprotected heights and moving machinery; and occasionally tolerate temperature extremes and vibrations, while frequently reaching, handling, fingering, and feeling. (Tr. 38) The ALJ concluded Plaintiff was capable of performing her past work as a cosmetologist, and he found her not disabled. (Tr. 41-2)

## Discussion

Plaintiff argues that the "ALJ's RFC assessment is not supported by substantial evidence on the record as a whole and is based on legal error[.]" (Plaintiff's Brief, at 9) She states that

---

is able to make an adjustment to other work, given claimant's age, education and work experience. 20 C.F.R. §§ 404.1520; 416.920 (2009).

[3]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."

the ALJ had to partially discount the opinion of consultative examiner, Rex Ross, M.D., and that the record contained no source statement from her treating physician, Bobby Noonan, M.D., regarding any work-related limitations of function. Id. Plaintiff contends the ALJ should have contacted Dr. Noonan, or alternatively, Dr. Ross to clarify his medical source statement. Id. Plaintiff also argues the ALJ's credibility determination is not entitled to deference. (Plaintiff's Brief, at 11)

> It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations. Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995). Before determining a claimant's RFC, the ALJ first must evaluate the claimant's credibility. In evaluating subjective complaints, the ALJ must consider, in addition to objective medical evidence, any evidence relating to: a claimant's daily activities; duration, frequency and intensity of pain; dosage and effectiveness of medication; precipitating and aggravating factors; and functional restrictions. See Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole. Id. at 1322. ... The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts. See Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987).

Pearsall v. Massanari, 274 F.3d 1211, 1217-18 (8th Cir. 2001).

Substantial evidence supports the ALJ's credibility determination. He evaluated Plaintiff's credibility under the appropriate regulations and found her symptoms not credible to the extent they were inconsistent with the RFC. If an ALJ discredits a claimant's testimony and gives good reasons for doing so, that determination is normally entitled to deference. Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003).

In this case, the ALJ determined claimant's subjective

allegations were not fully credible to the extent alleged based on the following factors: (1) her daily activities; (2) her poor control of her diabetes condition; (3) the lack of functional restrictions; and (4) the absence of objective medical evidence supporting the level of limitations alleged.  In regard to her daily activities, Plaintiff testified she sent her son off to school every morning, cared for her six month old child with special needs, and performed household chores, like laundry, shopping, and cooking. (Tr. 16-17, 18-20, 123-24) The ALJ may consider daily activities inconsistent with complaints of disabling pain. See Haynes v. Shalala, 26 F.3d 812, 814-15 (8th Cir. 1994). See also Wagner v. Astrue, 499 F.3d 842, 852 (2007) (fixing meals, doing house work, grocery shopping, and visiting friends considered to be "extensive" daily activities).

The ALJ did not find that Plaintiff's impairments caused her no symptomology, only that her impairments were not as severe as alleged.  Plaintiff claimed restrictions due to pain and other symptoms limited her ability to lift, stand, sit, walk, bend, see, kneel, lift, squat, use her hands, and climb stairs.  (Tr. 126) She also alleges her impairments prevent her from working because she has constant pain, numbness in her hands and legs, fatigue, tiredness. (Tr. 15-18) Plaintiff testified there are at least three or four bad days a month wherein she cannot even get out of bed. (Tr. 15) She further claims problems with falling and stumbling over her feet.  (Tr. 15-16, 126) The record evidences that Plaintiff was taking Neurontin for pain in 2007(Tr. 130), but by May 2007 and thereafter, there is no indication that she was still

taking pain medication (Tr. 314-315, 335-339).  Nor had Plaintiff ever been prescribed special treatment, such as a TENS UNIT or ESI Stimulator.  (Tr. 130)  See Rautio v. Bowen, 862 F.2d 176, 179 (8th Cir. 1988)(failure to seek aggressive treatment and limited use of prescription medications not suggestive of disabling pain).  In addition, the record supports the ALJ's finding that Plaintiff has poor control of her diabetes and hypertension.  (Tr. 189, 191, 195, 198, 206, 243, 248) See Roth v. Shalala, 45 F.3d 279, 282 (1995) ("Failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits.").

Most of the medical evidence of record deals with Plaintiff's pregnancy and with her complaints of other problems, like breast pain, sinusitis, a rash, and a urinary tract infection.  (Tr. 194-195, 199-200, 201-203, 209-256) The objective medical evidence of record indicates Plaintiff complained of back pain, beginning April 2007, and Dr. Noonan noted an onset months previously with no history of trauma.  He noted no cyanosis, clubbing, or edema in her extremities, and he prescribed no medication for a back condition. (Tr. 180-81) See Barrett v. Shalala, 38 F.3d 1019, 1022 (8th Cir. 1994) ("Although the ALJ may not reject subjective complaints solely because of a lack of objective medical evidence on the record as a whole, the absence of objective medical evidence which supports the degree of severity is a factor to be considered by the ALJ.") Inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints.

Richmond v. Shalala, 23 F.3d 1441, 1443 (8th Cir. 1994); see also Brachtel v. Apfel, 132 F.3d 417, 420 (8th Cir. 1997) (the resolution of conflicting evidence is within the province of the ALJ).

Further, the ALJ properly noted that Dr. Noonan placed no restrictions on Plaintiff's activities. See Depover v. Barnhart, 349 F.3d 563, 567 (8th Cir. 2003)(ALJ may consider absence of such opinion by treating physicians); Baldwin v. Barnhart, 349 F.3d 549, 557 (8th Cir. 2003)(none of claimant's independent physicians restricted or limited his activities); Tennant v. Apfel, 224 F.3d 869, 871 (8th Cir. 2000)(absence of physician ordered restrictions).  To the extent Plaintiff asserts the record was undeveloped, the argument lacks merit.  The ALJ would have had a duty to recontact a medical source when the evidence received from that source was inadequate to determine whether Plaintiff was disabled.  See 20 C.F.R. §§ 404.1512(e) and 416.912(e).  In this case, it was not inadequate, and the ALJ therefore did not need to contact Dr. Noonan or Dr. Ross.  The ALJ was free to accept or reject, in whole or in part, Dr. Ross's opinion, as it is in his function to resolve conflicts among the medical evidence.  See Bentley v. Shalala, 52 F.3d 784, 785 (8th Cir. 1995) (citing Cabrnoch v. Bowen, 881 F.2d 561, 564 (8th Cir. 1989)) (It is the ALJ's function to resolve conflicts among the various treating and examining physicians.) Dr. Ross's medical source statement was inconsistent with his evaluation report and the other evidence of record; therefore, the ALJ gave less weight to his opinion.  (Tr. 39-40) This was not error.

8

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  Richardson v. Perales, 402 U.S. at 401; see also Reutter ex rel. Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED.

DATED this 3rd day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE